IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK SCHOMBURG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1258-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Schomburg seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled as a result of multiple injuries sustained in a 2003 automobile accident. After his application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 2, 2006. At the time of the hearing, plaintiff was 46 years old. He is a high school graduate, attended college for two years, and has past work experience as a fire alarm installer/ servicer. Plaintiff has not engaged in substantial gainful activity since the accident on November 17, 2003.

The ALJ found that plaintiff was disabled from November 17, 2003 until January 31, 2006, due to multiple fractures of the cervical spine and left arm, head trauma, and other injuries that reduced his residual functional capacity to less than a full range of sedentary work. However, the

ALJ further determined that as of January 31, 2006, plaintiff had experienced medical improvement directly related to his ability to work and had regained the residual functional capacity to perform a limited range of light work. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a machine tender, an entry level security guard, and a gate guard --jobs that exist in significant numbers in the national economy. Thus, the ALJ concluded that plaintiff was no longer disabled and not entitled to disability benefits as of January 31, 2006. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

II.

In a single ground for relief, plaintiff contends that the ALJ failed to apply the correct legal standard in determining that he experienced medical improvement related to his ability to work as of January 31, 2006, and that the decision terminating his disability benefits is not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire

record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837

F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met.

42 U.S.C. § 423(a).  The Act defines "disability" as the inability to engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment that can be expected

to result in death or last for a continued period of 12 months.  *Id.* § 423(d)(1)(A); *Cook v. Heckler*,

750 F.2d 391, 393 (5th Cir. 1985).  The Commissioner has promulgated a five-step sequential

evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.  This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.  This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f).  The claimant has the initial burden of establishing a

disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct.

2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision.  The court weighs four elements to determine whether there is substantial evidence of disability:  (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).  The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits.  *Ripley*, 67 F.3d at 557.  If the ALJ does not satisfy this duty, the resulting decision is not substantially justified.  *Id.*  However, procedural perfection is not required.  The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced.  *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

                                                B.

Plaintiff challenges the decision terminating his disability benefits as of January 31, 2006, due to a medical improvement related to his ability to work.  "When the ALJ finds a claimant entitled to a closed period of disability, the ALJ must apply the medical improvement standard to articulate when the closed period ends."  *Teague v. Astrue*, No. 09-10075, 2009 WL 2708108 at *1 (5th Cir. Aug. 28, 2009), *citing Waters v. Barnhart*, 276 F.3d 716, 719 (5th Cir. 2002).  Disability benefits may be terminated if there is substantial evidence that:  (1) there has been a medical improvement related to the ability to work; and (2) the claimant is now able to engage in substantial gainful

activity. *Teague*, 2009 WL 2708108 at *1, *citing* 42 U.S.C. § 423(f)(1); *see also Joseph v. Astrue*, 231 Fed. Appx. 327, 329, 2007 WL 1455924 at *2 (5th Cir. May 18, 2007), *cert. denied*, 128 S.Ct. 900 (2008). A "medical improvement" is any decrease in the medical severity of an impairment which was present at the time of the most recent favorable disability determination. *See* 20 C.F.R. § 416.994a(c). A finding that there has been a decrease in medical severity must be based on changes in the symptoms, signs, or laboratory findings associated with the impairment. *Id.* Medical improvement is related to a claimant's ability to work if there has been a decrease in the severity of the impairment and an increase in the claimant's functional capacity to do basic work activities. *Teague*, 2009 WL 2708108 at *1, *citing* 20 C.F.R. § 404.1594(b)(3). The Commissioner has the burden to prove that the claimant is no longer disabled as of the cessation date. *Id.*, *citing Waters*, 276 F.3d at 717.

In this case, the ALJ found that plaintiff was disabled from November 17, 2003 until January 31, 2006, due to multiple fractures of the head, cervical spine, and left arm, cervical fusions and skin grafts, vertigo, chronic pain, radiculopathy, superficial sensory radial neuropathy, and radial tunnel syndrome. (*See* Tr. at 19, 22). However, the ALJ further determined that plaintiff experienced medical improvement beginning January 31, 2006, such that he no longer was disabled as of that date. (*Id.* at 21). According to the judge:

> At a follow-up visit with a pain management specialist in November 2005, the claimant reported that he was doing better after he started seeing a chiropractor. He reported that he got "rid of the headaches" that he had for two years. In January 2006, the claimant reported that he was doing better. In February 2006, the claimant reported that Methadone has been helping his back pain and he reported no adverse side effects from the medication.

(*Id.* at 19). This perfunctory explanation of medical improvement is not supported by substantial evidence. First, plaintiff's generic statements that he was "doing better" and that the Methadone

treatment was "helping" do not constitute evidence of an improvement in the symptoms, signs, or laboratory findings associated with any specific impairment, especially in view of similar statements made by plaintiff in November 2005, which was during the recognized period of disability. (Tr. at 483, 484). *See Joseph*, 2007 WL 1455924 at *3 (generic statement in follow-up report that plaintiff was doing "well" or "better" does not constitute evidence of an improvement in symptoms or signs where same phrase appeared in note written during the period of disability); *see also Williams v. Apfel*, 65 F.Supp.2d 1223, 1232 (N.D. Okla. 1999) (claimant's statements to physician that his shoulder was "much better" and that he thought "the injection he received had really improved" his shoulder did not provide substantial evidence of medical improvement). Further, to the extent the ALJ based his decision on information relating to plaintiff's daily activities, including testimony that plaintiff is able to drive a car, supervise his son's recreation activities, prepare lunch, straighten the house, wash dishes, fold towels, do some shopping, and complete therapeutic exercises, (*see* Tr. at 21), such anecdotal evidence is insufficient to support a finding of medical improvement related to the ability to work. *Spann v. Barnhart*, No. 3-00-CV-2769-BD (N.D. Tex. Jan. 8, 2002) (Kaplan, J.).

Nor is there any evidence, much less substantial evidence, in the record to establish that plaintiff's disability ended as of January 31, 2006. To the contrary, the selection of that date appears entirely arbitrary. *See Fifer v. Astrue,* No. 08-0372, 2008 WL 4922114 (E.D. Pa. Nov. 10, 2008) (remanding case where court found no significance to date selected by ALJ for medical improvement). There is nothing to suggest that any of plaintiff's treating physicians ordered a change in treatment or revised any restrictions based on an improvement associated with any of his impairments as of January 31, 2006. Rather, the medical evidence shows that doctors continued to treat plaintiff for the same impairments that had plagued him during the period of disability,

including a limited range of motion in his neck and upper extremities, muscle spasms, chronic pain, headaches, and vertigo. (*See* Tr. at 502, 505-06). Because the decision terminating plaintiff's disability benefits as of January 31, 2006 is not supported by substantial evidence, this case must be remanded to the Commissioner for further administrative proceedings.[1] *Vicknair v. Astrue*, No. 1-08-CV-052-C, 2009 WL 2949764 at *6 (N.D. Tex. Sept. 15, 2009) (remanding case where evidence failed to specifically demonstrate medical improvement).

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED:  November 9, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case, the court does not suggest that plaintiff is or should be found disabled after January 31, 2006.